FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NAZIR BOLAJOKO HAMZA, also known as Barry Akufo,<br><br>Defendant. | NO: 2:18-CR-81-RMP<br><br>ORDER GRANTING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE |

BEFORE THE COURT is a motion by the United States for entry of a protective order regulating disclosure of discovery materials and the confidential information those materials may contain, ECF No. 19, and an accompanying motion to expedite hearing of the same, ECF No. 20. The United States represents that Defendant Nazir Bolajoko Hamza does not object to entry of the protective order. ECF No. 19 at 1. The Court has reviewed the motions, the record, the relevant law, and is fully informed.

The standard for entry of a protective order in a criminal matter, generally, is good cause. *See* Fed. R. Crim. P. 16(d)(1) (providing that a "court may, for good cause, deny restrict, or defer discovery or inspection, or grant other appropriate

ORDER GRANTING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE ~ 1

relief"). The Court finds that the potential injury from the dissemination of the personal information and confidential financial records at issue constitutes good cause to enter the proposed protective order in an expedited fashion. However, Defendant may move to modify the protective order at a later date. *See* Fed. R. Crim. P. 16(d).

In addition, the United States requests to "partially lift the seal" regarding "confidential records, search warrants, and accompanying affidavits that remain under seal by order of the Court[.]" ECF No. 19 at 2, note 1. However, there is no order to seal on the docket in this matter. Therefore, the Court disregards that ancillary request for relief until further motion by the United States.

Accordingly, **IT IS HEREBY ORDERED**:

1. The United States' Motion to Expedite, **ECF No. 20**, and Motion for Protective Order, **ECF No. 19**, are **GRANTED**.
2. The United States is authorized to disclose the discovery and sensitive information materials, specifically, documents related to the issuance of search warrants and documents and information responsive thereto (hereinafter "Discovery") in its possession pursuant to the discovery obligations imposed by this Court.
3. Government personnel and counsel for NAZIR BOLAJOKO HAMZA, shall not provide, or make available, the sensitive information in the Discovery to any person except as specified in the Order or by approval

1. from this Court. Counsel for NAZIR BOLAJOKO HAMZA, and the Government shall restrict access to the Discovery, and shall only disclose the sensitive information in the Discovery to their client, office staff, investigators, independent paralegals, necessary third-party vendors, consultants, and/or anticipated fact or expert witnesses to the extent that defense counsel believes is necessary to assist in the defense of their client in this matter or that the Government believes is necessary in the investigation and prosecution of this matter. No copies of Discovery shall be left with their client.

4. Third parties contracted by the United States or counsel for NAZIR BOLAJOKO HAMZA, to provide expert analysis or testimony may possess and inspect the sensitive information in the Discovery, but only as necessary to perform their case-related duties or responsibilities in this matter. At all times, third parties shall be subject to the terms of the Order.

5. Discovery in this matter will be available to defense counsel via access to a case file on USA File Exchange. If necessary to review discovery with their respective clients, defense counsel may download the discovery and duplicate only once. Discovery materials may not be left in the possession of NAZIR BOLAJOKO HAMZA. In order to provide discovery to a necessary third-party vendor, consultant, and/or

anticipated fact or expert witness, counsel for NAZIR BOLAJOKO HAMZA may duplicate the discovery only once. No other copies may be made, by defense counsel or the defendants, without prior approval from this Court.

6. All counsel of record in this matter, including counsel for the United States, shall ensure that any party, including the Defendant, that obtains access to the Discovery, is provided a copy of this Order. No other party that obtains access to or possession of the Discovery containing sensitive information shall retain such access to or possession of the Discovery containing sensitive information shall retain such access to or possession unless authorized by this Order, nor further disseminate such Discovery expect as authorized by this Order or the further Order of this court. Any other party that obtains access to, or possession of, the Discovery containing discovery information once the other party no longer requires access to or possession of such Discovery shall promptly destroy or return the Discovery once access to Discovery is no longer necessary. For purposes of this Order, "other party" is any person other than appointed counsel for the United States or counsel for NAZIR BOLAJOKO HAMZA.

7. All counsel of record, including counsel for the United States, shall keep a list of the identity of each person to whom the Discovery containing

ORDER GRANTING GOVERNMENT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO EXPEDITE ~ 4

sensitive information is disclosed and who was advised of the requirements of this Order. Neither counsel for NAZIR BOLAJOKO HAMZA nor counsel for the United States shall be required to disclose this list of persons unless ordered to do so by the Court.

8. Upon entry of a final order of the Court in this matter and conclusion of any direct appeals, government personnel and counsel for NAZIR BOLAJOKO HAMZA shall retrieve and destroy all copies of the Discovery containing sensitive information, except that counsel and government personnel may maintain copies in their closed files following their customary procedures.

9. Government personnel and counsel for NAZIR BOLAJOKO HAMZA shall promptly report to the Court any known violations of this Order.

10. The proposed Protective Order submitted by the Government only applies to "sensitive information" pertaining to the search warrants sought and obtained by the Government and records responsive thereto.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** June 28, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge