FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 09, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NAZIR BOLAJOKO HAMZA, also known as Barry Akufo, <br><br> Defendant. | NO: 2:18-CR-81-RMP <br><br> ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND GRANTING VARIANCE |

On July 8, 2019, the Court sentenced Defendant Nazir Bolajoko Hamza, who is not in custody of the United States Marshals Service, for his conviction of one count of money laundering of property derived from wire fraud, in violation of 18 U.S.C. § 1957. Defendant appeared, represented by Assistant Federal Defender John B. McEntire, IV. Assistant United States Attorney Daniel H. Fruchter appeared for the Government.

The Court adopted in full the presentence report ("PSR") prepared by the assigned United States Probation Officer. The PSR found a base offense level of 16, with a one-level enhancement for specific offense characteristics, a four-level

ORDER DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE AND GRANTING VARIANCE ~ 1

reduction for a minimal participant role in the offense, and a further two-level reduction for acceptance of responsibility, resulting in a total offense level of eleven. An offense level of eleven combined with a criminal history category of I yields a United States Sentencing Guidelines ("Guidelines") range of eight to fourteen months.

Defendant moved for a downward departure based on his family responsibilities under § 5H1.6 of the Guidelines. ECF No. 49. However, the Court did not find adequate support for the proposition that Defendant is an irreplaceable caretaker for his family to support that particular departure. Therefore, Defendant's motion for a downward departure is denied.

Nevertheless, having considered the sentencing guidelines, the factors in 18 U.S.C. § 3553(a), the testimony and statements received at the sentencing hearing, the parties' arguments, and Defendant's allocution, the Court determines that Defendant's personal history, parenting responsibilities, ability to maintain employment to contribute toward his restitution obligation, and the need to avoid unwarranted sentencing disparities cumulatively warrant a downward variance of four levels to offense level seven resulting in a Guidelines sentencing range of zero to six months. The Court imposes a sentence of five years of probation with the following special condition of probation:

> You must serve a total sentence of 30 days by intermittent confinement at a rate of at least two days every week until you have completed a total of 30 days of confinement. Your confinement schedule will be

determined by your supervising probation officer in consultation with the Bureau of Prisons in an effort for you to continue your employment and provide child care for your children. Credit shall be given for all time already served. You must complete the remainder of the 30 days of confinement within one year of the date of this judgment.

Defendant's Motion for Downward Departure, **ECF No. 49**, is **DENIED**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel and to the United States Probation Office.

**DATED** July 9, 2019.

        *s/ Rosanna Malouf Peterson*
        ROSANNA MALOUF PETERSON
        United States District Judge